UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE DOLLARD, CHARLIE
TRIPLETT and DEREK WILLIAMS,

    Plaintiffs,

v.                                    Case No: 8:21-cv-304-MSS-JSS

CITY OF SAFETY HARBOR,
FLORIDA,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the court on Plaintiff's Time-Sensitive Motion for Protective Order ("Motion") (Dkt. 53) and Defendant's Response in Opposition to the Motion (Dkt. 55). Plaintiff moves the court for emergency relief to enter a protective order to quash the deposition notice for Plaintiff's deposition, set for April 26, 2022, and order that the deposition be conducted remotely by videoconference. (Dkt. 53.) Defendant opposes the Motion and requests that the court require Plaintiff to appear in person for his deposition. (Dkt. 55.)

## **APPLICABLE STANDARDS**

The court may, for good cause, issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (providing that the district court may issue a protective order if "good cause" is

shown). The party seeking a protective order has the burden to demonstrate good cause. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005). "'Good cause' is a well-established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." *Alexander*, 820 F.2d at 356. Establishing good cause requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (internal quotations omitted).

## ANALYSIS

Upon consideration, Plaintiff has not established good cause for the court to enter a protective order directing a remote deposition. Plaintiff alleges that his family members are immunocompromised, but does not allege any personal health concerns. Further, Plaintiff's allegations regarding the increased COVID-19 cases in the Tampa Bay area and the identification of a new variant are insufficient to warrant a protective order. The Federal Rules of Civil Procedure empower Defendant, as the party taking the deposition, to determine the medium and location of the deposition. Fed. R. Civ. P. 30. Plaintiff has not established good cause for the court to circumvent Defendant's selected medium. *See, e.g.*, *In re Deepwater Horizon Belo*, No. 3:19-cv-1535, 2021 WL 6882434, at *3 (N.D. Fla. July 12, 2021) (denying motion for video deposition, noting that pandemic concerns "[do] not, standing alone, give the Court a basis to compel a litigant to take a remote deposition when that litigant has reasonably elected otherwise"); *see also Tsien v. Bd. of Regents of Univ. Sys. of Georgia*, No. cv 121-008, 2021

WL 6617307, at *2 (S.D. Ga. Nov. 12, 2021), *aff'd,* No. cv 121-008, 2021 WL 6617308 (S.D. Ga. Dec. 20, 2021) (denying motion for remote deposition during pandemic).

Accordingly, it is **ORDERED** that Plaintiff's Time-Sensitive Motion for Protective Order (Dkt. 53) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on April 25, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record